Clerk's copy
FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAR 1 3 2000
[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY O'NEILL a/k/a
DANIEL P. O'NEILL,

Applicant,

v.  No. CIV-00-0280 JP/LFG

JOE WILLIAMS, et al.,

Respondents.

## MEMORANDUM OPINION AND ORDER FOR TRANSFER

This matter is before the Court on Applicant's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. #2), and *sua sponte* for preliminary consideration of Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241. Applicant attacks allegedly unconstitutional conditions of confinement, and he seeks an order vacating his conviction and releasing him from confinement. Applicant previously filed an application under 28 U.S.C. § 2254, *O'Neill v. Tafoya*, No. CIV-99-0284 BB/LFG, which was dismissed without prejudice for failure to exhaust state court remedies.

Under § 2244(b)(3)(A), before an applicant may file or prosecute a second or successive application for writ of habeas corpus, an order authorizing the filing must be issued by the appropriate court of appeals. Even though the instant pro se application is brought under § 2241, the application is subject to this "gatekeeping" provision of section 2244(b)(3)(A). *Gutierrez v. Perrill*, No. 96-1038, 1996 WL 733768, at **1 (10th Cir. 1996); *Vargas v. Sikes*, 42 F. Supp.2d 1380, 1381 (N.D. Ga. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996)); *and see Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996) (applying abuse-of-the-writ principles to petitions attacking execution of sentence). A second or successive application that is not accompanied by an authorizing order must be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). An exception to the transfer requirement is found in certain cases where the prior petition was dismissed without prejudice. *Reeves v. Little*, 120 F.3d 1136, 1139 (10th

Cir. 1997) (per curiam); *cf. Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (successive petition may be filed when a claim becomes ripe); *and cf. Cagle v. Champion*, No. 96-7109, 1997 WL 346038, at **1 (10th Cir. 1997) (second petition may attack a conviction of a separate court).

This case will be transferred even though the prior application was dismissed without prejudice and the instant application asserts new claims. The prior application, which attacked Applicant's conviction, was dismissed without prejudice for lack of exhaustion. The instant application asserts claims arising from Applicant's confinement in a private prison. No opinion is expressed or implied herein as to the merits of Applicant's prior or instant claims, but because he remains incarcerated, it appears he has not yet prevailed on his claims in state court. He now raises claims which are not "simply a continuation of the earlier petition." *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997). The instant application is thus a second application, *but see Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999) (second petition not successive unless prior claims were conceded by petitioner or subjected to substantive review), and is not accompanied by an authorizing order. This proceeding will be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

IT IS THEREFORE ORDERED that Applicant's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. #2) is GRANTED, and Applicant may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that the Clerk is directed to transfer this case to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

UNITED STATES DISTRICT JUDGE

2